IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHIPPENSBURG EQUIPMENT COMPANY, INC. DBA NEALCO EQUIPMENT, LLC, A DIVISION OF SHIPPENSBURG EQUIPMENT COMPANY, INC.<br><br>Plaintiff,<br><br>v.<br><br>BLASTCRETE EQUIPMENT COMPANY, INC. DBA NEAL MANUFACTURING, A DIVISION OF BLASTCRETE EQUIPMENT COMPANY,<br><br>Defendant. | CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Shippensburg Equipment Company, Inc. doing business as Nealco Equipment, LLC, a Division of Shippensburg Equipment Company, Inc. (hereinafter "Nealco" or "Plaintiff"), for its complaint, states as follows:

## PARTIES

1. Shippensburg Equipment Company, Inc. (hereinafter "Equipment Company") is a corporation organized under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 17 W. Burd Street, Shippensburg, PA 17257. Equipment Company does business throughout the United States and in this District.

2. Nealco Equipment, LLC (hereinafter "Nealco") is a limited liability company organized under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 17 W. Burd Street, Shippensburg, PA 17257. Nealco does business throughout the United States and in this District.

3. Equipment Company and Nealco are related (affiliated) legal entities (owned by the same person), in fact Equipment Company is doing business as Nealco Equipment, LLC, a Division of Shippensburg Equipment Company, Inc.

4. Nealco designs, manufactures, promotes and sells asphalt sealcoating equipment. Nealco promotes its products and related services through its website located at <http://www.nealcoequipment.com>.

5. Shippensburg Pump Co., Inc., a corporation organized under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 1 Schwenk Drive, Shippensburg, PA 17257 ("Shippensburg Pump"), acquired the intellectual property including the NEAL trademark (word and logo) and domain name <NEALmfg.com> and inventory related to the Ingersoll Rand / Blaw-Knox sealcoating product line, formerly known as Neal Manufacturing ("the Neal Manufacturing Assets"), on May 19, 2005.

6. On or about May 20, 2005, Shippensburg Pump transferred the Neal Manufacturing Assets to Nealco, which subsequently transferred the assets to Equipment Company.

7. Defendant Blastcrete Equipment Company, Inc. doing business as Neal Manufacturing, a division of Blastcrete Equipment Company also known as "Neal Manufacturing" ("Defendant") is a corporation organized under the laws of the State of Alabama with its principal place of business located at 2000 Cobb Avenue, Anniston, Alabama 36201.

8. Upon information and belief, Defendant designs, manufactures, promotes and sells asphalt sealcoating equipment.

9. Upon information and belief, Defendant promotes its products and related services through its website located at <http://www.nealequip.com>.

10. Nealco and Defendant are direct competitors in the asphalt sealcoating industry.

11. Defendant is engaged in business in interstate commerce and within this District, in direct competition with Nealco.

**JURISDICTION AND VENUE**

12. This Court has jurisdiction under Section 39 of the Trademark Act of July 5, 1946 ("Lanham Act"), 15 U.S.C. §1121; and Sections 1331, 1332(a), 1338(a) and 1338(b) of the Judicial Code, 28 U.S.C. §§1331, 1332(a), 1338(a), 1338(b) and related state law claims under principles of supplementary jurisdiction under Section 1367(a) of the Judicial Code, 28 U.S.C. §1367(a).

13. This Court has personal jurisdiction over Defendant because, <u>inter alia</u>, Defendant does business in the Commonwealth of Pennsylvania.

14. Venue properly lies in this District under Section 1391(b) of the Judicial Code, 28 U.S.C. § 1391(b), because Defendant has substantial contacts with and/or resides or may be found in the Middle District of Pennsylvania, and a substantial part of the events or omissions giving rise to the claim occurred in the Middle District of Pennsylvania.

## **SUMMARY OF PLAINTIFF'S CLAIMS**

15. This action arises out of Defendant's unlawful use of Plaintiff's NEAL trademark and service mark, and its variations such as NEALCO, NEAL Asphalt Sealcoating Equipment, NEALEQUIP ("NEAL Marks"), which provides the basis for Plaintiff's claims for federal trademark infringement, unfair competition and false designation of origin under Section 43(a) of the Trademark Act of 1946 (the "Lanham Act") (15 U.S.C. § 1125(a)), and for substantial and related claims of unfair competition, and dilution of Plaintiff's NEAL Mark, and its variation NEALCO, under the statutory and common laws of the Commonwealth of Pennsylvania.

## FACTS COMMON TO ALL PLAINTIFF'S CLAIMS

## NEAL Mark and its Acquisition by Plaintiff

16. Upon information and belief, Mr. W. Harold Neal, a resident of the State of Georgia, founded Neal Manufacturing Company, Inc., a Georgia corporation ("Neal Mfg."), in 1977.

17. Neal Mfg. pioneered the design and manufacture of mechanized asphalt sealcoating equipment.

18. Upon information and belief, in 1980, Neal Mfg. developed and patented a sand spray sealcoating system using a material filter to prevent clogging of nozzles used coal tar in the application of paving equipment. On information and belief, Neal Mfg. (or Mr. Neal) was the owner of U.S. Patent No. 4,311,274 "Mobile Apparatus for Spraying Protective Coatings" granted January 19, 1982, and expired in 1995. The '274 patent describes an improved, self-contained and portable machine adapted to efficiently spay viscous sealing fluids, which may contain suspended solid matter, onto an unprotected surface.

19. Over the years (1977-2000), Neal Mfg. used to identify its asphalt sealcoating equipment with the unregistered wordmark NEAL (the "NEAL Mark"), and variations including the NEAL logo as shown below:



20. On information and belief, the NEAL Mark acquired distinctiveness (secondary meaning) in connection with asphalt sealcoating equipment, as the result of its long, continuous use by Neal Mfg.

21. Ingersoll-Rand Company, a New Jersey corporation ("Ingersoll-Rand") and Blaw-Knox Construction Equipment Corporation, a Delaware corporation and wholly-owned subsidiary of Ingersoll-Rand ("Blaw-Knox") purchased substantially all the assets of Neal Mfg. including the NEAL Mark, the NEAL logo and domain name <NEALmfg.com> from Mr. W. Harold Neal in 2000. A true copy of the 2000 Asset Purchase Agreement is attached as **Exhibit "A."**

22. Shippensburg Pump acquired the intellectual property including the NEAL Mark, the NEAL logo and domain name <NEALmfg.com> and inventory related to "the Ingersoll-Rand / Blaw-Knox sealcoating product line," formerly known as Neal Manufacturing, from Ingersoll-Rand and Blaw-Knox on May 19, 2005. A true copy of the 2005 Asset Purchase Agreement is attached as **Exhibit "B."**

23. Ingersoll Rand discontinued production of sealcoating equipment, after its 2005 sale to Shippensburg Pump, electing to divest the niche market product line. On or about May 20, 2005, Shippensburg Pump transferred the Neal

Manufacturing Assets to Nealco, which subsequently transferred the assets to Equipment Company.

24. Plaintiff (Equipment Company/Nealco) owns the right to make and sell parts for the earliest of Neal and Blaw-Knox asphalt seal coating machines as well as to make new equipment. Nealco continues to improve the line of sealcoat machines purchased from Ingersoll-Rand and Blaw-Knox.

25. Nealco continued use of the NEAL Mark and modified it to NEALCO, where CO is the suffix to show Nealco's affiliation with its sister company Equipment Company.

26. Nealco has used the NEALCO Mark in connection with asphalt sealcoating equipment continuously and substantially exclusively, claiming the priority of Neal Mfg.'s NEAL Mark since at least as early as 1977, if not earlier.

27. Nealco markets and sells its asphalt sealcoating equipment under the NEALCO Mark through a network of distributors and independent representatives throughout the United States and in this District.

28. The NEALCO Mark is an inherently strong and distinctive mark that uniquely identifies the source of asphalt sealcoating equipment and related services.

29. Nealco has promoted and continues to promote and advertise its asphalt sealcoating equipment under its NEALCO Mark in a wide variety of media

outlets, including newspaper and trade magazine advertisements, and at industry events and trade shows related to the asphalt sealcoating equipment industry, and via the internet. Attached as **Exhibit "C"** is a printed copy of Nealco's email advertisement featuring the NEALCO mark and promoting Nealco's website located at <www.nealcoequipment.com>.

30. The NEALCO Mark has come to represent the source of high quality asphalt sealcoating equipment and related services. As a direct and proximate result of its investments in advertising and promoting Nealco has developed the NEALCO Mark to a high level of recognition in the asphalt sealcoating equipment industry.

31. Inherently, and as the result of Nealco's continuous and substantially exclusive use of the NEALCO Mark and Nealco's substantial advertisement and promotion of goods marketed and provided under the NEALCO Mark, the NEALCO Mark has obtained secondary meaning, acquired strong commercial distinctiveness and goodwill, and has come to symbolize the consistent quality of goods offered and provided by Nealco.

**Defendant's Infringement And Misappropriation of the NEAL Mark**

32. In direct competition with Nealco, Defendant designs, manufactures and/or sells asphalt sealcoating equipment.

33. Upon information and belief, Defendant has used and/or is using the marks NEAL and NEAL & Design to advertise and promote its asphalt sealcoating equipment. NEAL & Design is shown on its website as follows:



*See* printouts of selected webpages from Defendant's website located at <www.NEALequip.com> attached as **Exhibit "D".**

34. Upon information and belief, in May 2005, (subsequent to the expiration of a relevant non-compete agreement with Ingersoll-Rand) Mr. W. Harold Neal re-opened his former plant and began offering repair parts and service for most Neal and Blaw-Knox spray systems. Upon information and belief, Mr. Neal also began manufacturing a line of sealcoating equipment, apparently under the name Neal Manufacturing. Attached as **Exhibit "E"** is a document entitled "Neal Manufacturing Back in Sealcoating Equipment Business" which appeared in the Pavement publication, August/September 2005.

35. On or about June 28, 2005, Ingersoll-Rand sent a cease and desist letter to Mr. Harold Neal warning that he should stop using the name NEAL and the logo. Attached as **Exhibit "F"** is a true and correct copy of the demand letter.

36. Upon information and belief, Mr. Harold Neal curtailed his activity and business under the NEAL Mark or at least did not expand it.

37. Upon information and belief, Mr. Harold Neal sold the NEAL brand (which he no longer owned) for the second time, this time to Defendant, whereas some former employees of Neal Mfg., namely Maury Bagwell and Eric Humphries, "partnered with Blastcrete Equipment Co. in Oct. of 2013 and [started operating] as a division of Blastcrete."

38. Upon information and belief, Defendant falsely promotes and advertises itself as "original Neal Mfg." describing itself as a seamless company since 1977, as if it was Blastcrete who acquired the assets of Neal Mfg. Attached as **Exhibit "G"** is a document entitled "The Pioneer of Sealcoat Innovation."

39. Defendant has no connection or affiliation with Nealco or Equipment Company and its use of the NEAL Mark or its variations in connection with its asphalt sealcoating equipment is not authorized by Plaintiff.

40. Regardless, Defendant has used and continues to use the NEAL Mark to promote its asphalt sealcoating equipment and related services.

41. On or about January 19, 2016 and March 24, 2016, Jim Farrell, CEO of Defendant, wrote twice to Nealco demanding that it cease and desist any and all uses of the NEAL Mark. Attached as **Exhibit "H"** are a true and correct copies of Defendant's demand emails.

42. Nealco's and Defendant's asphalt sealcoating equipment are advertised, promoted offered for sale and sold in the same marketing channels and channels of trade.

43. Nealco's and Defendant's asphalt sealcoating equipment is advertised via the internet.

44. Upon information and belief, Defendant is using and has been using the NEAL Mark with actual or constructive knowledge of Nealco's rights therein. Such use constitutes bad faith and continued and willful infringement.

45. Defendant's unauthorized use of the NEAL Mark has caused or is likely to cause confusion, mistake, and deception in the minds of consumers and prospective customers as to the origin of Defendant's asphalt sealcoating equipment and related services or as to the affiliation, connection or association of Defendant with Plaintiff.

## COUNT I
### Federal Unfair Competition
### False Designation of Origin (15 U.S.C. §1125)

46. Plaintiff repeats and realleges paragraphs 1 through 45 inclusive, and incorporates them as if fully set forth herein.

47. Defendant has used and is using, without authorization, the NEAL Mark and/or a colorable imitation thereof in a manner that is likely to cause (or has

already caused) confusion or mistake, or to deceive as to Defendant's affiliation, connection or association with Plaintiff, of which there is none.

48. Upon information and belief, Defendant's (or its predecessor's) adoption and use of the NEAL formative as a mark, or the adoption and use of some confusingly similar marks (including NEAL Asphalt Sealcoating Equipment and NEALEQUIP.COM) for the marketing and sale of its asphalt sealcoating equipment is a knowing and willful act of unfair competition designed to misappropriate the established goodwill associated with Plaintiff's Marks NEAL and its variation NEALCO.

49. Upon information and belief, with a deliberate intent to create confusion in the marketplace, Defendant (and/or its predecessors) has committed the aforesaid acts and, upon information and belief, it continues to contact existing and/or other likely customers of Nealco by utilizing the NEAL Mark and by attempting to trade on the NEAL Mark which is substantially similar to the NEALCO mark that Nealco has used in connection with the marketing and sales of its asphalt sealcoating equipment.

50. Defendant's actions constitute a false designation of origin which is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection or association of Defendant with Plaintiff and is likely to cause confusion, to cause mistake, or to deceive as to the origin, sponsorship, or approval

of Defendant's asphalt sealcoating equipment with those of Nealco in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

51. Defendant has displayed a willful course of conduct in creating a likelihood of confusion and destroying Nealco's goodwill established in its NEAL Mark, and its variation NEALCO.

52. As a result of Defendant's wrongful acts alleged herein, Plaintiff will be irreparably harmed unless Defendant is enjoined from this aforesaid conduct, and, Plaintiff have no adequate remedy at law.

## COUNT II
### Common Law Unfair Competition

53. Plaintiff repeats and realleges paragraphs 1 through 52 inclusive, as if fully set forth herein.

54. Plaintiff is the legal owner of the NEAL Mark, and its variation NEALCO, which is valid and legally entitled to protection.

55. Defendant's use of a copy, variation, reproduction, simulation or colorable imitation of the NEAL Mark is likely to cause confusion, mistake, or deception regarding the origin of the asphalt sealcoating equipment and/or services offered by Defendant or its sponsorship, connection or affiliation.

56. Defendant has used and is using a copy, variation, reproduction, simulation or colorable imitation of the NEAL Mark with full knowledge of the

long, extensive and substantially exclusive prior use of the NEAL Mark and its NEALCO variation by Plaintiff.

57. Defendant's use of the NEAL Mark is unauthorized, and Defendant's acts constitute unfair competition.

58. Defendant's conduct is causing damage to Plaintiff, its goodwill and reputation, and will continue to damage Plaintiff and is likely to confuse the public unless such conduct is enjoined by this Court.

59. Upon information and belief, Defendant, by its acts alleged herein, has deliberately calculated to deceive, and has deceived, the relevant trade and public into accepting and purchasing Defendant's asphalt sealcoating equipment and services in the mistaken belief that they are Nealco's asphalt sealcoating equipment and services or that they are sponsored by, connected with or produced under the supervision of Nealco.

60. Upon information and belief, Defendant by its acts alleged herein has intentionally attempted to pass off Defendant's asphalt sealcoating equipment for those of Nealco.

61. Plaintiff will suffer irreparable harm and damage as a result of Defendant's wrongful acts alleged herein, and Plaintiff has no adequate remedy at law.

## COUNT III
## STATE STATUTORY DILUTION (54 Pa. Cons. Stat. Ann. § 1124)

62. Plaintiff repeats and realleges paragraphs 1 through 61 inclusive, as if fully set forth herein.

63. Through Nealco's and its predecessors' continuous, substantially exclusive and pervasive use of the NEAL Mark and its variation NEALCO to identify its goods and services, the Mark NEAL, and its variation NEALCO, is famous in Pennsylvania and has generated significant sales, goodwill and public recognition for Nealco.

64. Defendant's incorporation and/or use of a copy, variation, simulation or colorable imitation of the famous and distinctive Mark is likely to cause dilution of the distinctive quality of the NEAL Mark and its variation NEALCO and is likely to injure Plaintiff's business reputation.

65. Defendant's incorporation and/or use of a copy, variation, simulation or colorable imitation of the NEAL Mark in connection with goods and services not controlled or otherwise subject to Plaintiff's quality control will likely cause dilution of and/or injury to the reputation of Plaintiff's and the NEAL Mark and its variation NEALCO.

66. Defendant's incorporation and/or use of a copy, variation, simulation or colorable imitation of the NEAL Mark is likely to dilute its distinctive quality,

thereby lessening the capacity of the NEAL Mark to identify and distinguish the goods offered by Nealco.

67. By reason of the foregoing, Plaintiff are entitled to injunctive relief under 54 Pa. Cons. Stat. Ann. § 1124.

68. Defendant's conduct has caused and will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff have no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Grant a Permanent Injunction pursuant to 15 U.S.C. § 1116, enjoining and restraining Defendant and all other persons acting by, through and/or in active concert with it, from directly or indirectly using NEAL or any other mark, word, or name confusingly similar to NEAL and NEALCO, alone or in combination with any other letters, words, letter strings, phrases or designs (for example, NEAL Asphalt Sealcoating Equipment and NEALEQUIP.COM), as a trademark or service mark in commerce or in connection with the marketing and selling of asphalt sealcoating equipment (and parts therefor) and related services (including, but not limited to, on websites, in domain names, in hidden text or metatags, or as Google® AdWords search key terms);

B.     Grant a Permanent Injunction pursuant to 15 U.S.C. § 1116, enjoining and restraining Defendant and its agents, servants, employees, heirs, successors and assigns, and all other persons acting by, through and/or in active concert with it, from engaging in any course of conduct likely to cause confusion, deception, or mistake, or to injure Plaintiff's business reputation;

C.     Order pursuant to 15 U.S.C. § 1118 that all advertisements or colorable imitations in the possession of Defendant and its agents, servants, employees, heirs, successors and assigns, and all other persons acting by, through, or in active concert with it, bearing NEAL as a trademark shall be delivered up and destroyed;

D.     Award damages to Plaintiff, as the Court deems just in the circumstances, caused by reason of Defendant's acts of unfair competition and dilution complained of herein and that said damages be trebled pursuant to 15 U.S.C. § 1117(a) as a result of Defendant's willful violation of 15 U.S.C. § 1125(a);

E.     Award punitive and exemplary damages against Defendant by reason of Defendant's intentional and willful conduct and in favor of Plaintiff;

F.     Award costs of this action, together with attorneys' fees, to Plaintiff pursuant to 15 U.S.C. § 1117(a);

G. Award Plaintiff interest, including pre-judgment interest, on the foregoing sums;

H. Order Defendant to file with the Court and serve on Plaintiff within 30 days after the service of any restraining order or injunction, a written report, under oath, setting forth in detail the manner and form in which Defendant has complied with the order or injunction; and

I. Grant such other and further relief as the Court deems just in the circumstances.

Respectfully submitted,

DUANE MORRIS LLP

BY: /s/ Sean P. McConnell
Lewis F. Gould, Jr. (Pa. No. 4432)
Maxim A. Voltchenko (Pa. No. 201274)
Sean P. McConnell (Pa. No. 307740)
DUANE MORRIS LLP
A Delaware Limited Liability Partnership
30 South 17th Street
Philadelphia, PA 19103
Phone (215) 979-1000
Fax (215) 979-1020
Email: spmcconnell@duanemorris.com

David C. Cleaver (Pa. No. 7283)
Keller, Keller and Beck, LLC
1035 Wayne Avenue
Chambersburg, PA 17201
Phone (717) 264-1110
Email: dcleaver@ptd.net

Date: July 18, 2016

*Attorneys for Plaintiff, Shippensburg Equipment Company, Inc.*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues and claims for relief that are so triable.

> DUANE MORRIS LLP
>
> /s/ Sean P. McConnell
> Lewis F. Gould, Jr. (Pa. No. 4432)
> Maxim A. Voltchenko (Pa. No. 201274)
> Sean P. McConnell (Pa. No. 307740)
> DUANE MORRIS LLP
> A Delaware Limited Liability Partnership
> 30 South 17th Street
> Philadelphia, PA 19103
> Phone (215) 979-1000
> Fax (215) 979-1020
> spmcconnell@duanemorris.com
>
> David C. Cleaver (Pa. No. 7283)
> Keller, Keller and Beck, LLC
> 1035 Wayne Avenue
> Chambersburg, PA 17201
>
> *Attorneys for Plaintiff*
> *Shippensburg Pump Co., Inc. and*
> *Nealco Equipment, LLC*